# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DOUGLAS A. KARNS, | : | |
| Plaintiff, | : | Case No. 3:10cv00318 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | : | |
| | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff previously obtained a remand of this social security case for further administrative proceedings.  (Doc. #s 13, 14).  The case is now before the Court upon Plaintiff's Application For Attorney Fees Pursuant To The Equal Access To Justice Act (EAJA), 28 U.S.C. §2412 (Doc. #17), the Commissioner's Response (Doc. #18), Plaintiff's Reply (Doc. #19), and the record as a whole.  Plaintiff seeks a total award under the EAJA of $5,190.00 in attorney fees and costs.

The EAJA requires the Government to pay a prevailing social security plaintiff's attorney fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. §2412(d)(1)(A)*;*

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

*see Pierce v. Underwood*, 487 U.S. 552, 556, 108 S.Ct. 2451 (1988); *see also Scarborough*,

541 U.S. 401, 407, 124 S.Ct. 1856 (2004).

> A position is substantially justified when it is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565, 108 S.Ct. 2541.  Stated otherwise, a position is substantially justified when it has a "reasonable basis both in law and fact." *Id*.  The fact that . . . the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified.  *See id*. at 569, 108 S.Ct. 2541; *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989).  Indeed, "Congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . .'" *Scarborough*, 541 U.S. at [415], 124 S.Ct. at 1866 (quoting *Libas, Ltd. v. United States*, 314 F.3d 1362, 1365 (Fed.Cir. 2003)).

*Howard v. Barnhart*  376 F.3d 551, 554 (6th Cir. 2004).  The Government bears the burden

of establishing that its position was substantially justified.  *Scarborough*, 541 U.S. at 414-15,

124 S.Ct. at 1865-66.

In the present case, the Commissioner contends that the Government's position was

substantially justified.  The Court previously determined that the ALJ had properly reviewed

the opinions provided by Plaintiff's treating physician, Dr. Dahdah, and that substantial

evidence supported the ALJ's decision to discount Dr. Dahdah's opinions.  The

Commissioner notes, "[i]n the absence of a credible treating physician's opinion, the ALJ

relied on Dr. Starr's May 2007 opinion.  However, the Magistrate Judge took issue with the

ALJ's reliance on Dr. Starr's opinion, explaining that it was outdated in light of Plaintiff's

subsequent heart attack in April 2008."  (Doc. #18, PageID #608 (citations omitted)).  The

Commissioner continues:

> With respect to Plaintiff's second assignment of error, the Magistrate

2

> Judge agreed with the Commissioner that Sentence 6 remand for consideration
> of new evidence was not warranted.  The Magistrate Judge even noted that one
> of the documents that Plaintiff submitted to the Appeals Council, a December
> 2008 Operative Report, "reinforces Dr. Dahdah's earlier suggestions that
> Plaintiff's cardiac complaints may not be entirely credible."
>
> Thus, the Magistrate Judge recognized that there was a basis for the
> ALJ's conclusion that Plaintiff was not as limited as he claimed, and dismissed
> Plaintiff's second assignment of error entirely.

(Doc. #18, PageID at 17-18).

The Commissioner's reliance on the ALJ's handling of Dr. Starr's opinion minimizes

the most salient problem in the ALJ's decision:  the ALJ credited

Dr. Starr's May 2007 opinions even though his medical-record review pre-dated the heart

attack Plaintiff suffered in 2008.  The Commissioner unreasonably overlooked this problem

in his support of the ALJ's decision.  The prior explanation (in the Report and

Recommendations) bears repeating and likewise establishes that the Commissioner's present

search for substantial justification lacks merit:

> Plaintiff's accurate assertion that after May of 2007, he "was admitted
> [to] or seen in the emergency department for chest pain on no less than eight
> occasions" (Doc. #9 at 11) alone would not seem likely to have altered Dr.
> Starr's view of Plaintiff's cardiac condition as stable; when Dr. Starr rendered
> his opinion, Plaintiff already had a lengthy history of emergency room visits
> for chest pain with no discernible cardiac genesis. (*See* Doc. #7-7, *generally*).
> However, the fact that Plaintiff also suffered a heart attack in April 2008 (Doc.
> #9 at 12; *see* Doc. #7-7 at 158) certainly does reflect on the continued viability
> of Dr. Starr's May 2007 assessment.  In light of that subsequent myocardial
> infarction, and contrary to the ALJ, this Court does not believe that Plaintiff's
> cardiac status at the time of the ALJ's December 2008 decision fairly could be
> characterized as having been "generally stable" since early 2008.  (*See* Doc.
> #7-2 at 16).  Nor is the Court willing to assume that the April 2008 heart attack
> would not have caused Dr. Starr to reassess his earlier opinion.
>
> As with treating physician opinions, the opinions of non-treating

3

medical sources are subject to evaluation under the factors set forth in 20 C.F.R. §416.927(d), including not only the factors of supportability, consistency, and specialization, *see* 20 C.F.R. § 416.927(f), but also "[*o*]*ther factors* . . . which tend to support or contradict" a medical source opinion. 20 C.F.R. § 416.927(d)(6) (emphasis in original). Such "other factors" include "the extent to which an acceptable medical source is familiar with the other information in your case record." *Id*.

In this case, the ALJ expressly acknowledged that "[t]he record documents another stenting procedure in February 2008" that "was not reviewed by Dr. Starr." (Doc. #7-2 at 16). Despite that recognition, the ALJ then continued to find only that the February 2008 procedure "may justify limiting [Plaintiff] from heavy or very heavy exertion," given that he "appears to have been generally stable since early in 2008." (*Id.*). Making such adjustments to Dr. Starr's RFC opinion instead of seeking a new opinion in light of intervening relevant medical information treads perilously close to the "substitution of judgment" decried in Plaintiff's reply. (*See* Doc. #12 at 4). In addition, the ALJ completely omitted any mention of evidence that Plaintiff also had suffered another heart attack since the date of Dr. Starr's assessment. (*See id.*).

By failing to take that factor into consideration in evaluating Dr. Starr's opinion, the ALJ erred. Indeed, notes from Dr. Starr's February 2007 review confirm his concern for having up-to-date information on which to base his assessments, given his stated unwillingness to rely on Plaintiff's December 5, 2006 stress test results "as controlling" because Plaintiff "had cardiac interve[nt]ion AFTER th[at] stress testing." (Doc. #7-7 at 33) (emphasis in original). If Dr. Starr, before assessing Plaintiff's RFC, sought a reevaluation of Plaintiff's cardiac status three months after "cardiac interve[nt]ion" of a more benign nature (*see id*.), the Court can only assume that Dr. Starr also would consider reevaluation of Plaintiff's cardiac status following a heart attack to be germane – if not vital – as to his RFC opinion. Presumably Dr. Starr would not have ascribed Plaintiff's heart attack to a desire "for some undefined secondary gain." (*See id.* at 59). Absent consideration of Plaintiff's intervening myocardial infarction, Dr. Starr's May 2007 assessment does not constitute "substantial evidence" to support the ALJ's December 2008 RFC finding, and the ALJ's reliance thereon thus constituted error.

(Doc. #13, PageID at 569-72).

The Commissioner's contentions regarding substantial justification do not obviate the

readily discernible errors of law committed by the ALJ in regard to Dr. Starr's outdated

opinions. For this reason, the Commissioner's contentions do not demonstrate the existence

of a reasonable basis in law or fact for the Commissioner's litigation position.  The

Commissioner, therefore, has not met his burden of establishing that his support for the

ALJ's decision was substantially justified or that an EAJA award to Plaintiff will be unjust.

*Howard*, 376 F.3d at 554 ("Under the circumstances of this case, where the administrative

law judge was found to have selectively considered the evidence in denying benefits, we

hold that the Commissioner's decision to defend the administrative law judge's denial of

benefits is without substantial justification.").  Plaintiff is therefore entitled to an EAJA

award.

Turning to the amount of the EAJA Plaintiff's counsel seeks, the Commissioner

contends that the requested EAJA award is excessive because the attorney's billing records

indicate that counsel spent time on purely secretarial or clerical tasks, even when a paralegal

performed those tasks.  Although the Commissioner is generally correct, *see Nadarajah v.*

*Holder*, 569 F.3d 906, 921 (9th Cir. 2009), care must be taken to ensure that this category of

reduction applies only to purely secretarial or clerical tasks.  Tasks that require at least some

legal knowledge to accomplish may be compensable under the EAJA even if the tasks also

involve clerical or secretarial work.  *Cf. Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)

("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of

who performs them."); *cf. also Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571, 581

(2008) (EAJA awards of "attorney fees" may include compensation for paralegal services at

prevailing market rate for such services).  In the present case, the Commissioner has shown

the need to reduce Plaintiff's EAJA award due to the purely clerical tasks in entries listed in

its Memorandum in Opposition.  *See* Doc. #18, PageID at 610.  Those amount to a total

reduction to Plaintiff's EAJA requested of $400.00

The Commissioner next argues that the requested EAJA award must be reduced

because Plaintiff's counsel should have billed in one-tenth-hour increments instead of one-

quarter-hour increments.  There is no blanket prohibition against quarter-hour billing entries;

instead, courts review the specifically challenged billing entries to determine whether they

were reasonable.  *See Kyser v. Apfel*, 81 F.Supp.2d 645, 647 (W.D.Va. 2000); *see also*

*Carlisle v. Barnhart*, 2008 WL 420032 at *3 (S.D. Ohio 2008)(Rice, D.J.; Ovington, M.J.);

*Sandoval v. Apfel*, 86 F.Supp.2d 601, 615 (N.D. Tex. 2000).  If a reduction is warranted, the

court need not reduce billing on an entry-by-entry basis because courts retain the "discretion

simply to apply a reasonable percentage reduction 'as a practical means of trimming fat from

a fee application.'"  *Colegrove v. Barnhart*, 435 F.Supp.2d 218, 221 (W.D.N.Y.

2006)(quoting in part *Kirsch v. Fleet Street, Ltd*., 148 F.3d 149, 173 (2nd Cir. 1998)).

The Commissioner argues, "It is appropriate for a court to reduce compensable hours

when Plaintiff's counsel of recorded time in one-quarter hour increments for simple tasks,

'which should have taken less time.'"  (Doc. #18, PageID at 610) (quoting, in part, *Haiges v.*

*Commissioner of Social Sec*., 2008 WL 5412898 at *4 (S.D. Ohio, Dec. 28, 2008)(Rice, J.;

Merz, M.J.)).  Yet, upon review of the challenged billing entries, *see* Doc. #18, PageID at

609-10, and Plaintiff's counsel's billing statement in its entirety, counsel has not billed one-

6

quarter-hour increments for tasks that took too long to perform.  And, although it might have

taken less than fifteen minutes to complete some individual tasks, it is equally likely that

other tasks took longer than fifteen minutes.  For example, time spent by Plaintiff's attorney

drafting briefs, such as Plaintiff's Statement of Errors and Plaintiff's Reply, required a

detailed assessment of the administrative record.  The amount of time that counsel spent on

this type of work was reasonable, particularly given the difficult burden placed on Plaintiff

to prove he suffers from a "disability" within the meaning of the Social Security Act.  For

these reasons, the billing statement in this case is not subject to reduction on the ground that

it did not bill in one-tenth-hour increments.

The Commissioner next seeks a reduction of $77.50 in the EAJA award related to

work performed on December 15, 2010, related to a motion for extension of time.  Plaintiff's

counsel explains that the work seeking this extension was needed because many medical

records were missing from the transcript that Defendant had prepared.  Counsel represents,

moreover, that she was working with defense counsel to supplement the record and that the

extension were not simply due to Plaintiff's counsel's busy schedule.  In light of the

circumstances existing on December 10, 2010, especially the missing medical records from

the administrative transcript, the need for an extension of time is fairly attributable to the

Government.  Consequently, the Commissioner is not entitled to a $77.50 reduction in the

EAJA award.

The Commissioner also seeks a reduction of $155.00 for billing entries on May 19,

2011 and July 12, 2011 related to Dr. Dennison's disability letter because it "is not apparent

how Dr. Dennison's 2011 disability letter and time spent in connection to Plaintiff's disability case before this Court." (Doc. #18, PageID at 612).  The Commissioner is correct. The administrative record was docketed in December 2011 and Dr. Dennison's later-dated letter was not at issue.  Although Plaintiff alternatively sought a Sentence Six remand in his Statement of Errors, counsel's work related to Dr. Dennison post-dated Plaintiff's Statement of Errors and Reply.  In addition, Plaintiff's case was remanded under Sentence Four of 42 U.S.C. §405(g) as stated in the Decision and Entry and the Report and Recommendations. For these reasons, Plaintiff has not sufficiently connected the work performed in relation to Dr. Dennison's letter to the present case.  A reduction of $155.00 is therefore warranted.

The Commissioner lastly seeks a $61.25 reduction in the EAJA award for time Plaintiff's counsel spent on tasks unrelated to Social Security disability proceedings. Plaintiff's counsel contends that the work concerned a letter to the Job and Family Services, verifying that Plaintiff had applied for Social Security benefits.  The letter was needed in order to maintain interim benefits from Job and Family Services.  Counsel's explanation does not connect the work performed in connection with benefits from Job and Family Services with the main litigation issue in the present case: whether the administrative decision denying Plaintiff's application for social security benefits must be affirmed, vacated, or reversed.  Such work is therefore not fairly attributable to the Government in this case.

Lastly, Plaintiff's counsel seeks an additional award of $312.00 for 2.5 hours of attorney work preparing a Reply in Support of her EAJA Motion.  Given the length and high

quality of the Commissioner's Memorandum in Opposition to the EAJA Motion, it was not

excessive for Plaintiff's counsel to spend 2.5 hours drafting her Reply.

Accordingly, the amount of Plaintiff's EAJA fees is calculated as follows:

|     | $5,190.00 | (original requested amount in attorney fees and costs) |
|-----|-----------|--------------------------------------------------------|
| –   | $400.00   |                                                        |
| –   | $155.00   |                                                        |
| –   | $61.25    |                                                        |
| +   | $312.00   | (attorney work on Reply)                               |
|     | $4,885.75 | (total fee award)                                      |

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Application For Attorney Fees Under Equal Access To Justice Act, 28 U.S.C.§2412(d) (Doc. #17) be **GRANTED** in the amount of **$4,885.75**;

2. The Clerk of Court be directed to enter Judgment in favor of Plaintiff and against the Commissioner of the Social Security Administration in the total amount of $4,885.75; and

3. The case remains terminated on the docket of this Court.

April 9, 2012

s/ Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).